IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 2:24-cr-650 |
| v. | 18 U.S.C. § 2 |
| | 18 U.S.C. § 922(a)(6) |
| **JAIDAN LATRELL ALEXANDER** | 18 U.S.C. § 922(g)(1) |
| **SHEREE M. ALEXANDER** | 18 U.S.C. § 924(a)(2) |
| | 18 U.S.C. § 924(a)(8) |
| | 18 U.S.C. § 924(c)(1)(A)(iii) |
| | 18 U.S.C. § 924(d)(1) |
| | 18 U.S.C. § 932(b)(1) |
| | 18 U.S.C. § 932(b)(2) |
| | 18 U.S.C. § 932(c)(1) |
| | 18 U.S.C. § 934 |
| | 21 U.S.C. § 841(a)(1) |
| | 21 U.S.C. § 841(b)(1)(C) |
| | 21 U.S.C. § 841(b)(1)(D) |
| | 21 U.S.C. § 853 |
| | 21 U.S.C. § 881 |
| | 28 U.S.C. § 2461(c) |
| | **INDICTMENT** |

## COUNT 1
**(Conspiracy to Straw Purchase Firearms)**

**THE GRAND JURY CHARGES:**

Beginning at least as early as August 2019, and continuing through the date of this Indictment, in the District of South Carolina, the Defendants, **JAIDAN LATRELL ALEXANDER** and **SHEREE M. ALEXANDER**, as principals and/or aiders and abettors, did knowingly and willfully purchase and/or conspire to purchase firearms in or otherwise affecting interstate or foreign commerce, for, on behalf of, or at the request or demand of any other person, knowing or having reasonable cause to believe that such other person had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United

1

States Code, Section 922(g)(1) and that such other person intended to use, carry, possess, or sell or otherwise dispose of the firearm in furtherance of a felony or a drug trafficking crime.

<u>Object and Purpose of the Conspiracy</u>

The object of the conspiracy was to straw purchase firearms. The principal purpose of the conspiracy was for **SHEREE M. ALEXANDER** to purchase firearms for **JAIDAN LATRELL ALEXANDER**, who could not lawfully purchase or possess firearms, and for **JAIDAN LATRELL ALEXANDER** to possess firearms.

<u>Manner and Means of the Conspiracy</u>

It was part of the conspiracy that **SHEREE M. ALEXANDER** did agree to purchase firearms for **JAIDAN LATRELL ALEXANDER**. **SHEREE M. ALEXANDER** purchased these firearms knowing that **JAIDAN LATRELL ALEXANDER** was prohibited from purchasing and/or possessing firearms and knowing that **JAIDAN LATRELL ALEXANDER** intended to use, carry, possess, or sell or otherwise dispose of the firearms in furtherance of a felony or a drug trafficking crime.

It was further part of the conspiracy that **JAIDAN LATRELL ALEXANDER** identified firearms available for purchase by **SHEREE M. ALEXANDER**. It was further part of the conspiracy that **SHEREE M. ALEXANDER** purchased firearms on behalf of **JAIDAN LATRELL ALEXANDER**, who could neither lawfully purchase nor possess the firearms. It was further part of the conspiracy that once **SHEREE M. ALEXANDER** had purchased the firearm(s), she would transfer them to **JAIDAN LATRELL ALEXANDER**. It was further part of the conspiracy that **JAIDAN LATRELL ALEXANDER** possessed weapons purchased on his behalf by **SHEREE M. ALEXANDER** in violation of federal law.

Overt Acts in Furtherance of the Conspiracy

In furtherance of the conspiracy and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the District of South Carolina:

1. On or about November 19, 2019, **SHEREE M. ALEXANDER** sent a message to **JAIDAN LATRELL ALEXANDER** over Facebook telling him to pick which firearm he wanted so they could purchase it. **JAIDAN LATRELL ALEXANDER** responded to **SHEREE M. ALEXANDER** with a message on Facebook with the specific firearm he wanted.

2. On or about September 6, 2020, **SHEREE M. ALEXANDER** sent a message to **JAIDAN LATRELL ALEXANDER** over Facebook with information about a gun show taking place in Ladson, South Carolina on September 12-13, 2020, and November 28 – 29, 2020.

3. On or about September 12, 2020, **SHEREE M. ALEXANDER** did purchase a firearm, that is an Anderson AM15 pistol, from a licensed firearms dealer at a gun show in Ladson, South Carolina. **SHEREE M. ALEXANDER** filled out the ATF Form 4473 as part of the firearm purchase and indicated on the form that she was the actual transferee / buyer of the firearm. On or about October 14, 2020, **JAIDAN LATRELL ALEXANDER** was arrested in possession of this firearm.

4. On or about November 28, 2020, **SHEREE M. ALEXANDER** purchased a firearm, that is a Springfield XD, 9mm pistol, from a licensed firearms dealer at a gun show in Ladson, South Carolina. **SHEREE M. ALEXANDER** filled out the ATF Form 4473 as part of the firearm purchase and indicated on the

form that she was the actual transferee / buyer of the firearm. On or about April 3, 2021, law enforcement discovered this firearm in **JAIDAN LATRELL ALEXANDER's** possession. On or about April 13, 2023, **JAIDAN LATRELL ALEXANDER** was again arrested in proximity of this firearm.

5. On or about April 20, 2021, **JAIDAN LATRELL ALEXANDER** sent a message to **SHEREE M. ALEXANDER** over Facebook of a picture of a firearm and told **SHEREE M. ALEXANDER** to order it for him.

All in violation of Title 18, United States Code, Sections 932(b)(1), 932(b)(2), 932(c)(1) and 2.

## COUNTS 2 - 13
### (False Statement to FFL)

**THE GRAND JURY FURTHER CHARGES:**

That on or about the dates reflected below, in the District of South Carolina, the Defendant, **SHEREE M. ALEXANDER**, did knowingly make a false statement in connection with the acquisition and attempted acquisition of the firearms listed below from the licensed dealer listed below, which was intended and likely to deceive the said dealer with respect to a fact material to the lawfulness of the sale and disposition of the firearm under the provisions of Chapter 44 of Title 18, United States Code, in that the Defendant, **SHEREE M. ALEXANDER**, did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that she was the true purchaser of the firearms listed below, whereas in truth and in fact, she was not the true purchaser:

| COUNT | DATE PUCHASED | FIREARM PURCHASED | LICENSED DEALER |
|---|---|---|---|
| 2 | January 31, 2020 | FNS-9C, 9mm pistol | Licensed Dealer 1 |
| 3 | May 15, 2020 | Glock 19, 9mm pistol | Licensed Dealer 2 |
| 4 | September 12, 2020 | Anderson AM15 pistol | Licensed Dealer 3 |
| 5 | November 28, 2020 | Springfield XD, 9mm pistol | Licensed Dealer 4 |
| 6 | April 9, 2021 | Glock 27, .40 caliber pistol | Licensed Dealer 2 |
| 7 | September 11, 2021 | Micro Draco 7.62 x 39mm pistol | Licensed Dealer 5 |
| 8 | February 19, 2022 | Mini Draco 7.62 x 39mm pistol | Licensed Dealer 4 |
| 9 | February 20, 2022 | Century Arms International VSKA 7.62 x 39mm pistol | Licensed Dealer 6 |
| 10 | June 4, 2022 | Smith and Wesson M&P, 10mm pistol | Licensed Dealer 7 |

| 11 | February 25, 2023 | Sig Sauer MCX Rattler .300 AAC Blackout pistol | Licensed Dealer 8 |
| 12 | September 10, 2023 | Glock 19, 9mm pistol | Licensed Dealer 7 |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 13

### (Felon in Possession of Firearm / Ammunition)

**THE GRAND JURY FURTHER CHARGES:**

That on or about April 13, 2023, in the District of South Carolina, the Defendant, **JAIDAN LATRELL ALEXANDER**, knowingly possessed firearms and ammunition in and affecting commerce, to wit, a Glock 27, .40 caliber pistol, a Mini Draco 7.62 x 39mm assault pistol, a Smith and Wesson M&P 10mm pistol, a Ruger SR9 9mm pistol, .40 caliber ammunition, 7.62 x 39mm ammunition, and 10mm ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 14
### (Possession with Intent to Distribute Controlled Substances)

**THE GRAND JURY FURTHER CHARGES:**

That on or about April 13, 2023, in the District of South Carolina, the Defendant, **JAIDAN LATRELL ALEXANDER**, knowingly, intentionally, and unlawfully did possess with the intent to distribute a quantity of oxycodone, a Schedule II controlled substance, and a quantity of marijuana (less than 50 kilograms), a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D).

## COUNT 15
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

**THE GRAND JURY FURTHER CHARGES:**

That on or about April 13, 2023, in the District of South Carolina, the Defendant, **JAIDAN LATRELL ALEXANDER**, did knowingly possess a firearm in furtherance of a drug trafficking crime, as set forth in Count 15 of this Indictment, which is prosecutable in a Court of the United States, and in committing the violation did discharge the firearm;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

# FORFEITURE

FIREARM OFFENSES:

Upon conviction for felony violation of Title 18, United States Code, Section 922, 924, or 932 as charged in this Indictment, the Defendants, **JAIDAN LATRELL ALEXANDER** and **SHEREE M. ALEXANDER**, shall forfeit to the United States all of the Defendants' rights, title, and interest in and to any firearms and ammunition (as defined in 18 U.S.C. § 921) involved in or used in any knowing violation of 18 U.S.C. § 922, 924, or 932, or violation of any other criminal law of the United States, or intended to be used in a crime of violence; any property used or intended to be used, in any manner or part, to commit or facilitate the commission of the 18 U.S.C. § 932 offense, and any property, real or personal, which constitutes, is traceable, or is derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such offense.

DRUG OFFENSE:

Upon conviction for felony violation of Title 21, United States Code, Section 841 as charged in this Indictment, the Defendant, **JAIDAN LATRELL ALEXANDER**, shall forfeit to the United States all of the Defendant's rights, title, and interest in and to any property, real and personal,

   (a)   constituting, or derived from any proceeds the Defendant obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

   (b)   used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 924(d)(1) and 934, Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property

8

which is subject to forfeiture upon conviction of the Defendants for the offenses charged in this Indictment includes, but is not limited to, the following:

A. <u>Firearms</u>:

    (1) Springfield XD 9mm pistol
Serial Number: GM776494
Seized from: Jaidan Latrell Alexander
Purchaser: Sheree M. Alexander

    (2) Glock 27, .40 caliber pistol
Serial Number: BTAB428
Seized from: Jaidan Latrell Alexander
Purchaser: Sheree M. Alexander

    (3) Smith and Wesson M&P 10mm pistol
Serial Number: NMF2938
Seized from: Jaidan Latrell Alexander
Purchaser: Sheree M. Alexander

    (4) Sig Sauer MCX Rattler 300 BLK assault pistol
Serial Number: 63J006104
Seized from: Jaidan Latrell Alexander
Purchaser: Sheree M. Alexander

    (5) Mini Draco 7.62 x 39mm assault pistol
Serial Number: 21PG-0249
Seized from: Jaidan Latrell Alexander
Purchaser: Sheree M. Alexander

    (6) Micro Draco 7.62 x 39 mm pistol
Serial Number: PMD-23144
Seized from: Jaidan Latrell Alexander
Purchaser: Sheree M. Alexander

    (7) FNH Five-Seven pistol
Serial Number: 386371708
Seized from: Jaidan Latrell Alexander
Purchaser: Sheree M. Alexander

    (8) Romarm Micro Draco pistol
Serial Number: PMD-16116-19
Seized from: 2245 Greenridge, Apt. 210, North Charleston, SC
Purchaser: Sheree M. Alexander

    (9)    Anderson AM15 rifle
              Serial Number: 20141955
              Seized from: Jaidan Latrell Alexander
              Purchaser: Sheree M. Alexander

    (10)    FNH FNS-9C 9mm pistol
              Serial Number: CSU0055050
              Seized from: Jaidan Latrell Alexander
              Purchaser: Sheree M. Alexander

B.    <u>Drug Proceeds/Forfeiture Judgment:</u>

A sum of money equal to all property the Defendant obtained as a result of the drug offense charged in the Indictment, and all interest and proceeds traceable thereto as a result of his violation of 21 U.S.C. § 841.

C.    <u>Cash Proceeds / Forfeiture Judgment:</u>

A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the conspiracy offense charged in this Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to their violation of 18 U.S.C. § 932.

<u>SUBSTITUTION OF ASSETS:</u>

If any of the property described above as being subject to forfeiture, as a result of any act or omission of a Defendant:

    (1)    Cannot be located upon the exercise of due diligence;
    (2)    Has been transferred or sold to, or deposited with a third party;
    (3)    Has been placed beyond the jurisdiction of the Court;
    (4)    Has been substantially diminished in value; or
    (5)    Has been commingled with other property which cannot be subdivided without difficulty.

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), (incorporating Title 21, United States Code, Section 853(p)), to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

Pursuant to Title 18, United States Code, Sections 924(d)(1) and 934, Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

A  True  BILL

FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____
Christopher Lietzow (# 12301)
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, SC 29401
Tel.: (843) 727-4381
Fax.: (843) 727-4443
Email: christopher.lietzow@usdoj.gov